

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

June 1, 1992

Honorable John Hannah, Jr.
Secretary of State of Texas
P. O. Box 12697
Austin, Texas 78711-2697

Opinion No. DM-122

Re: Methods of electing hospital district directors under chapter 286 of the Health and Safety Code (RQ-367)

Dear Secretary Hannah:

You ask about the provisions of Senate Bill 907 of the 71st Legislature (repealed by Acts 1991, 72d Leg., ch. 14, § 285(b)(8)) which are now codified as chapter 286 of the Health and Safety Code. Chapter 286 provides for the creation of hospital districts pursuant to local petition and election. You seek clarification as to the methods of electing hospital district directors permitted by those provisions. Your specific questions are:

> 1. Whether, in a hospital district created under chapter 286, all directors may be elected from single member districts;
>
> 2. If so, whether such single member districts must be coterminous with county commissioners' precincts.

Creation of hospital districts under chapter 286 is initiated by the petition of registered voters of the territory of the proposed district. Health & Safety Code § 286.021. A petition is submitted to the county judge of each county in which the territory of the district is to be located, and if it is in order, the commissioners court calls an election on the issue of creation of the district. *Id.* §§ 286.021, 286.023. Subsection (a)(7) of section 286.022 requires the petition to show "the method by which the permanent directors will be elected, as provided by Subsection (c)." Subsection (c)(2) of section 286.022 provides for the petition's indicating:

> the method by which directors are to be elected, whether at large, by place, or both, so that a specific number of directors are elected from each commissioner precinct and a specific number are elected at large.

Section 286.022(c)(2) appears to allow for three distinct schemes of electing chapter 286 hospital district directors: "at large, by place, or both" so that some are elected from commissioners precincts and some "at large." Section 286.042, in providing for initial directors' election and the staggering of their terms, again appears to provide for the three alternative schemes set out in section 286.022(c)(2): "at large" in subsection (b), "by place" in subsection (c), or "from commissioners precincts and at large" in subsection (d).

The terminology, "by place," is sometimes used to denote the scheme of electing multiple candidates from the same territory by assigning distinct "place" numbers to as many positions as are to be filled by the election. Candidates run and receive votes from the entire election territory "by place." Election "by place" in this sense permits the election of multiple candidates from the same territory by majority vote. See, e.g., Local Gov't Code § 21.001 (election of general-law municipality aldermen "by place"); Elec. Code § 275.003 ("by place" election of governing body in city of population of 200,000 or more).

The scope of the terminology "by place" in the above-quoted provisions of chapter 286, however, must not be limited to such a scheme whereby candidates for "places" are voted on by the entire election territory. The third alternative scheme of electing directors permitted under section 286.022(c)(2), election "both" at large and by place, means, by the terms of that provision, "that a specific number of directors are elected from each commissioner precinct and a specific number are elected at large." Election "by place" in that section, and in the chapter generally, must therefore encompass election of candidates from only a portion of the district, such as a county commissioners' precinct.

Your first question, again, is whether chapter 286 permits a district to elect all of its directors from "single member districts." The latter term clearly means the election of each of the members of a governing body from a distinct portion of the whole territory of the political unit over which that governing body has authority, see, e.g., Avery v. Midland County, 390 U.S. 474 (1968). Thus, with respect to a chapter 286 district, if each director were elected from a portion of the hospital district to a discreet "place," under the second alternative method of electing directors set out in sections 286.022(c)(2) and 286.042(c) as discussed above, such election method would be tantamount to electing all of the district's directors from single member districts.

We note, at this point, that chapter 286 permits only an odd number of directors to be elected. See Health & Safety Code § 286.022(c)(1). For all directors

to be elected from single member districts, there would thus have to be an odd number of such single member districts. Determining whether a chapter 286 hospital district may elect all of its directors from single member districts thus raises the issue presented in your second question: whether a single member district -- or territory from which a "place" is filled, in the language of chapter 286 -- must be coterminous with commissioners precincts. If it must, then a hospital district could not elect all of its directors from single member districts unless it was composed of an odd number of commissioners precincts. In that case, a simple county-wide district could not elect all of its directors from single member districts because it would be restricted to four such single member districts, corresponding to the county's four commissioner precincts,[1] but, by the terms of the statute, would have to elect an odd number of directors.

We do not believe, however, in response to your second question, that a chapter 286 hospital district's single member districts -- that is, the territories from which "places" are filled -- must be coterminous with commissioners precincts. Although subsection (c)(2) of section 286.022 specifies that if *both* at large and "by place" methods are used, the candidates for places are to be elected from commissioners precincts, it does not limit the second alternative election method, the election of all directors "by place," to the use of commissioners precincts for the portions of the district from which candidates for such places are to be elected. Nor do we find any other provision of chapter 286 that does so.

Indeed, other provisions of chapter 286 are consistent with the proposition that "single member districts" within a chapter 286 district need not be coterminous with commissioners precincts. For example, section 286.021 provides that a district may be created "located wholly in one county" or "that contains territory located in more than one county," these provisions do not indicate that districts must be coterminous with county or commissioners precinct lines. We note also that section 286.101 provides for the expansion of a district by the addition of a "defined territory" and section 286.029 provides that a district may not include territory already a part of another hospital district. These latter provisions appear to contemplate inclusion or exclusion from districts of areas not amounting to entire commissioners precincts, and thus the existence of districts not made up of entire commissioners precincts. Similarly, section 286.022, in providing for the contents of a petition, requires that the proposed boundaries of a district sought to be created be "designated by metes and bounds or other sufficient legal description," again,

---

[1] *See* Tex. Const. art. V, § 18.

appearing to allow for districts composed other than of entire commissioners precincts. *Id.* § 286.022(a)(3).

In light of the foregoing, it is our opinion that chapter 286 districts may be created utilizing the method of electing all directors from single member districts. Where all directors are elected from such single member districts, the boundaries of the latter need not be drawn so as to be coterminous with county commissioners precincts. Of course, in drawing single member district boundaries, particular hospital districts will be subject to one-person-one-vote and other constitutional and statutory requirements bearing on suffrage. *See* Voting Rights Act, 42 U.S.C. § 1973c (requiring United States Justice Department preclearance of changes affecting voting).

## S U M M A R Y

Hospital districts created under chapter 286 of the Health and Safety Code may elect all district directors from single member districts. Where all directors are elected from single member districts, the boundaries of the latter need not be coterminous with county commissioners' precincts.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee